UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA FREEMAN,

    Plaintiff,

v.                                                  Case No: 8:23-cv-478-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff moves the court for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Motion, Dkt. 29.) For the reasons set forth below, Plaintiff's Motion is granted.

## BACKGROUND

On March 3, 2023, Plaintiff filed a complaint seeking review of the denial of her claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On October 30, 2023, the court granted the Commissioner's unopposed motion for entry of judgment with remand and entered an order reversing the decision of the Commissioner and remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 27.) The Clerk thereafter entered judgment in Plaintiff's favor. (Dkt. 28.) Plaintiff now moves for an award of attorney's fees and costs as the prevailing party in this action. (Dkt. 29.) Plaintiff seeks

an award of $7,500 in attorney's fees for work performed by her attorney Jeanette A. Kelley, and $400 in taxable costs. (*Id.*)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, the prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a sentence-four remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the

government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

Additionally, the EAJA provides that a judgment for costs as enumerated in 28 U.S.C. § 1920 "may be awarded to the prevailing party in any civil action" brought against the United States or any agency or official of the United States acting in her official capacity. 28 U.S.C. § 2412(a)(1). "A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation." *Id.*

## ANALYSIS

Upon consideration, Plaintiff is entitled to an award of attorney's fees in this matter. First, Plaintiff is the prevailing party in this case, after having obtained a sentence-four remand following her successful appeal. *Schaefer*, 509 U.S. at 296–97, 302. Second, Plaintiff filed her Motion within 30 days of final judgment in the action and the Commissioner does not dispute the timeliness of the Motion. *See* 28 U.S.C. § 2412(d)(2)(F) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (requiring that a notice of appeal be filed within 60 days of entry of the judgment where a United States agency or officer is a party). Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the court does not find that any

special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

Under the EAJA, attorneys are only entitled to an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "Reasonable attorney's fees under the EAJA 'shall be based upon prevailing market rates for the kind and quality of the services furnished,'" except that fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. *Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 536 (11th Cir. 2020) (citing 28 U.S.C. § 2412(d)(2)(A)); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (explaining that the EAJA "establishes a two-step analysis for determining the appropriate hourly rate" where the court must first determine the prevailing market rate and then determine whether the hourly rate should be adjusted upward from the statutory rate). Additionally, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (emphasis in original; internal quotations omitted). Thus, fee applicants "must exercise what the Supreme Court has termed 'billing judgment'" and must "exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours].'" *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (alteration in original) (quoting *Hensley*, 461 U.S. at 434).

In the Motion, Plaintiff seeks a total of $7,500 in attorney's fees for 30.9 hours expended by her counsel at a rate of $242.78 per hour in 2023. (Dkt. 29 at 3.) Plaintiff relies on the Bureau of Labor Statistics Consumer Price Index (CPI) to argue that an increase in the cost of living justifies a higher fee than the $125 statutory rate. (*Id.* at 2.) The Commissioner does not object to the requested rates or the hours expended by Plaintiff's counsel. (*Id.*)

Upon consideration, the court finds that Plaintiff's requested rates are reasonable and in line with the prevailing market rates in this division and that an adjustment to the statutory rate based on the CPI is warranted. *See, e.g.*, *Jones v. Kijakazi*, No. 8:22-cv-172-AEP, 2023 WL 4591934, at *1 (M.D. Fla. July 18, 2023) (finding "hourly rate of $234.85 for 2022 and $240.00 for 2023 are reasonable"); *Donnelly v. Saul*, No. 8:20-cv-614-CPT, 2021 WL 1737448, at *3 (M.D. Fla. May 3, 2021) (relying on CPI to find that a deviation from EAJA statutory rate is justified). The court also finds that 30.9 hours expended by Plaintiff's counsel is reasonable, in light of the 1,600-page record in this matter, the complexity of the issues briefed, and the Commissioner's non-objection to the Motion. *See, e.g.*, *Pritchard v. Comm'r of Soc. Sec.*, No. 6:22-cv-1394-EJK, 2023 WL 2955836, at *3 (M.D. Fla. Apr. 14, 2023) (finding 34 hours expended by counsel to be reasonable in drafting brief and filing fee petition where action was remanded following Commissioner's unopposed motion to remand).

The court also finds that Plaintiff is entitled to an award of taxable costs in the amount of $400 pursuant to 28 U.S.C. § 2412(a). Section 2412(a) limits taxable costs

awarded against the United States to those enumerated in 28 U.S.C. § 1920. Section 1920, in turn, allows for the taxation of costs for "fees of the clerk," including filing fees. 28 U.S.C. § 1920(1). Plaintiff is thus entitled to an award of reasonable costs in the amount of $400 for the filing fee paid in this matter pursuant to 28 U.S.C. § 2412(a). *See, e.g.*, *Powell v. Comm'r of Soc. Sec.*, 418 F. Supp. 3d 1068, 1075 (M.D. Fla. 2019) (finding $400 in costs reasonable for payment of filing fee).

Finally, Plaintiff asserts that the fee award should be paid directly to her attorney if it is determined that Plaintiff does not owe a debt to the federal government. (Dkt. 29 at 3.) Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff represents that she has assigned the EAJA award to Attorney Kelley, and attaches assignment of EAJA fees to her attorney. (Dkt. 29-2.) Therefore, the EAJA fee award should be payable directly to Plaintiff's attorney if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff.

Accordingly:

1. Plaintiff's Unopposed Petition for Attorney Fees (Dkt. 29) is **GRANTED**.

2. Plaintiff is awarded $7,500 in attorney's fees pursuant to 28 U.S.C. § 2412(d)(1).

3. Plaintiff is awarded $400 in costs pursuant to 28 U.S.C. § 2412(a)(1).

4. The award of fees and costs is payable directly to Attorney Kelley if it is determined that Plaintiff does not owe a debt to the federal government.

5. The Clerk of Court is directed to enter judgment in favor of Plaintiff accordingly.

**ORDERED** in Tampa, Florida, on December 14, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record